PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 8/26/96**

TENTH CIRCUIT

ROBERT ADAMS,

       Plaintiff-Appellant,

v.

No. 95-3289

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

       Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF KANSAS
(D.C. No. 94-CV-2296)

Submitted on the briefs:

Larry O. Denny, Kansas City, Missouri, for Plaintiff-Appellant.

Randall K. Rathbun, United States Attorney, Robert A. Olsen, Assistant United
States Attorney, Kansas City, Kansas (Frank V. Smith III, Chief Counsel, Region

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health
and Human Services in social security cases were transferred to the Commissioner
of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley
S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala,
Secretary of Health and Human Services, as the defendant in this action.
Although we have substituted the Commissioner for the Secretary in the caption,
in the text we continue to refer to the Secretary because she was the appropriate
party at the time of the underlying decision.

VII, Social Security Administration, Rhonda J. Wheeler, Assistant Regional Counsel, Kansas City, Missouri, of Counsel), for Defendant-Appellee.

---

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

---

JONES, Circuit Judge.

---

Claimant Robert Adams appeals from the district court's order affirming the denial of his application for social security disability benefits by the Secretary of Health and Human Services (Secretary).  After his claim was denied administratively, a hearing was held before an administrative law judge (ALJ) who denied benefits at step five of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing five steps).  The ALJ concluded that although claimant was unable to return to his past employment as a remodeling contractor, cabinet salesman and handyman, he retained the capacity to perform a significant number of jobs that exist in the

---

[**]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

national economy. The Appeals Council denied review. The district court upheld the Secretary's decision, and claimant now appeals to this court.[1]

The parties agree that claimant met the earnings requirements of the Social Security Act (Act), 42 U.S.C. §§ 401-433, only through December 31, 1988. Therefore, in order to receive benefits, claimant must establish his disability prior to that date. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). On appeal, claimant contends that the ALJ improperly rejected the opinion of his treating physician that he is disabled by chronic fatigue syndrome, and that he contracted the illness prior to the expiration of his insured status. He also claims the ALJ failed to make a specific determination as to his wife's credibility.

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

1996)(quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)(further quotation omitted)).

Generally, the ALJ must give controlling weight to a treating physician's well supported opinion about the nature and severity of a claimant's impairments. <u>Bean v. Chater</u>, 77 F.3d 1210, 1214 (10th Cir. 1995). We recognize that "at this point there is no 'dipstick' laboratory test for chronic fatigue syndrome;" rather, it is diagnosed, in part, by excluding other possible disorders. <u>Sisco v. United States Dep't of Health & Human Servs.</u>, 10 F.3d 739, 744 (10th Cir. 1993).

In this case, claimant's treating physician, Dr. Brewer, first examined claimant in 1993, and diagnosed him as suffering from chronic fatigue syndrome. Dr. Brewer stated that it was very likely that he had been afflicted with the disease prior to December 1988, the date claimant was last insured under the Act. "While a treating physician may provide a retrospective diagnosis of a claimant's condition, a retrospective diagnosis without evidence of actual disability is insufficient." <u>Coleman v. Chater</u>, 58 F.3d 577, 579 (10th Cir. 1995)(quotation omitted).

Contrary to claimant's assertion, the ALJ did not reject Dr. Brewer's retrospective diagnosis that claimant was afflicted with chronic fatigue syndrome prior to 1988. Dr. Brewer did not submit an opinion, however, that claimant was actually disabled prior to December 31, 1988. Similarly, claimant's physical

examination by Dr. Welsh on August 31, 1989, resulted in a diagnosis that included "[p]ossible chronic fatigue syndrome - long term," R. vol. II at 170, but Dr. Welsh did not indicate that claimant was disabled. Accordingly, we do not reach the question of what weight must be given to a treating physician's retrospective opinion that a claimant was disabled. We therefore conclude that substantial evidence supports the Secretary's determination that claimant was not disabled prior to the expiration of his insured status.

Claimant also alleges that the ALJ erred by not stating specifically his findings on claimant's wife's credibility. Generally, credibility determinations are the province of the ALJ, "the individual optimally positioned to observe and assess witness credibility." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991). One of the factors an ALJ should consider in evaluating the evidence of nonexertional impairment is "the motivation of and relationship between the claimant and other witnesses." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

Here, it is clear that the ALJ considered the testimony of claimant's wife in making his decision because he specifically referred to it in his written opinion. E.g., R. vol. I at 14, 17. We decline claimant's invitation to adopt a rule requiring an ALJ to make specific written findings of each witness's credibility,

particularly where the written decision reflects that the ALJ considered the testimony.

We have carefully reviewed the record and we have considered claimant's arguments in light of the record. We conclude that substantial evidence supports the Secretary's decision to deny claimant's application for disability benefits.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.