**Filed 12/20/96**
FOR THE TENTH CIRCUIT

GORDON R. KORDELISKI,

    Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,

    Defendant-Appellee.

No. 96-6120
(D.C. No. CIV-95-756-C)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.[1]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Gordon R. Kordeliski appeals from the district court's order upholding the Secretary's[2] denial of disability benefits. Claimant asserts that he has been disabled since September 1, 1988, as a result of pain in his right wrist, ankles, and feet, and breathing problems. The administrative law judge (ALJ) determined, at step five of the applicable sequential analysis, 20 C.F.R. § 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that although claimant could not perform his past carpentry work, he retained the ability to perform work existing in the national economy. Based upon the testimony of a vocational expert (VE), the ALJ determined that claimant could work as a parking lot attendant or as a surveillance system monitor. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

We review the Secretary's decision to insure that there is substantial evidence to support her factual findings and that she correctly applied the law. Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). At step five, the burden is on the Secretary to establish that there is work existing in the national economy which claimant remains capable of performing. Miller v. Chater, 99 F.3d 972,

---

[2]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text, however, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

975, 976 (10th Cir. 1996). Upon consideration of the record and the parties' arguments on appeal, we affirm.

Claimant first argues that the ALJ erred in disregarding the treating physician's opinion that claimant was disabled. This court has held that "[a] treating physician's opinion must be given substantial weight unless there is good cause shown to disregard it." Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995). The ALJ, however, did set forth specific reasons for his rejection of the treating physician's opinion. See id. at 290. The record supports those reasons and they constitute good cause. Claimant's argument that the consulting physician's report is deficient is meritless.

Next, claimant argues that in light of claimant's evidence to the contrary, the ALJ erred in relying upon the VE's testimony concerning the existence of surveillance system monitoring positions. Even assuming that the VE's testimony concerning the existence of these jobs cannot be the basis for the denial of benefits, there is nothing to suggest that the VE's testimony concerning parking lot attendant positions was not credible. See Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996)(credibility determinations are within ALJ's province). That testimony is sufficient to support the denial of benefits.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge