F I L E D
**United States Court of Appeals
Tenth Circuit**

**DEC 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WIESLAW BAKALARSKI,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-1107
(D.C. No. 96-B-1749)
(D. Colo.)

ORDER AND JUDGMENT[**]

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Wieslaw Bakalarski appeals the district court's judgment affirming the decision by the Commissioner of Social Security denying his applications for disability benefits and supplemental security income. Because certain portions of the Commissioner's decision are not supported by the evidence, we reverse and remand for further proceedings.

Plaintiff has suffered from abdominal pain since at least 1988, when he had his gallbladder removed. In 1990, he was diagnosed with chronic pancreatitis, resulting in the removal of his spleen and part of his pancreas. Since that time, plaintiff has continued to experience abdominal pain, vomiting and diarrhea. The record shows numerous diagnoses of chronic pancreatitis and chronic pain syndrome. An upper GI series also revealed duodenitis. Several chemistry tests have shown abnormal liver function, and a liver biopsy showed mild acute triaditis. In addition, plaintiff developed diabetes mellitus as a result of the partial pancreatectomy, with mild peripheral neuropathy.

Plaintiff worked full-time as an electronics assembler until February 1994, when he reduced his hours to part-time, ceasing work altogether in July 1994. On February 11, 1994, plaintiff applied for benefits, alleging an inability to work due to abdominal and leg pain, vomiting, and diarrhea. After a hearing, an

administrative law judge (ALJ) found that plaintiff could return to his former work, and thus was not disabled. The Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner. The district court affirmed, and this appeal followed.

We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). We may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, plaintiff argues that the Commissioner's decision is unsupported by substantial evidence because the ALJ improperly assessed plaintiff's credibility regarding his allegations of chronic disabling pain, diarrhea, and vomiting. In evaluating the credibility of a claimant, an ALJ must consider and weigh a number of factors in combination. See Huston v. Bowen, 838 F.2d 1125, 1132 & n.7 (10th Cir. 1988). We recognize that the ALJ is "'optimally positioned to observe and assess witness credibility.'" Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996) (quoting Casias, 933 F.2d at 801). Therefore, we may overturn

such a credibility determination only when there is a conspicuous absence of credible evidence to support it.  See Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992).

Here, the ALJ found plaintiff's complaints incredible because (1) there was no documented pathology for the abdominal pain, based on the repeated negative results of imaging and laboratory studies; (2) several physicians had been unable to find a cause for plaintiff's abdominal and leg pain; (3) no treatment was recommended other than prescriptions for sedatives and painkillers; (4) plaintiff had a history of drug seeking behavior requiring restriction of his access to narcotics; (5) plaintiff's activities of helping with housework and shopping, ability to drive, and a trip to Poland, were inconsistent with the pain and limitations alleged; (6) plaintiff's condition had not changed for four years during which time he was able to work; (7) plaintiff's claim that he stopped work because of his physical condition was contradicted by the record which showed he stopped work to travel to Poland; and (8) plaintiff's claim of diarrhea up to twenty times per day was contradicted by medical evidence that he only had bowel movements three times per day.  We conclude that several of these reasons are not supported by the evidence.

First, the ALJ incorrectly determined that there was no documented pathology to support plaintiff's complaints of disabling pain.  Although there was

-4-

a lack of pathology to explain plaintiff's complaints of severe leg pain, the record contains a medical basis for his complaints of chronic abdominal pain. Plaintiff has consistently been diagnosed with chronic pancreatitis and with a chronic pain syndrome, both of which are capable of producing disabling pain. The fact that plaintiff's laboratory and gastrointestinal workups were negative does not negate these diagnoses or render plaintiff's pain complaints incredible, as both conditions can exist without producing positive test results. See, e.g., The Merck Manual of Diagnosis and Therapy 799 (Robert Berkow, M.D., 16th ed. 1992) (describing chronic pancreatitis as producing "severe epigastric pain, whose etiology is not always clear, [that] may last for many hours or several days," and noting that a possible cause is "acute inflammation that cannot be recognized by conventional tests"); see also American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), (4th ed. 1994), p. 461 (setting out diagnostic criteria for pain disorder). When there is no "dipstick" test for a particular condition, a physician's unchallenged diagnosis may not be rejected simply because it has not been proven conclusively by a laboratory test or other technique. See Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 743-44 (10th Cir. 1993) (holding ALJ erred in rejecting diagnosis of chronic fatigue syndrome when there was no "dipstick" laboratory test). Further, although plaintiff's gastroenterologist questioned whether plaintiff's pain was caused by

his pancreatitis, he did not question the existence of plaintiff's pain, theorizing instead that the pain resulted from a chronic pain syndrome.

The ALJ also was not entirely correct in finding that no treatment other than prescriptions for pain medication and tranquilizers had been recommended. Over the years plaintiff's physicians have prescribed a variety of medications to treat his pancreatitis, diarrhea, vomiting, diabetes, and chronic abdominal pain. In December 1993, plaintiff underwent a celiac plexus block, and in August 1994, an intrathecal catheter was surgically implanted, on a trial basis, to deliver continuous narcotic medication. Even if plaintiff's treatment had been restricted to prescriptions of pain medication, however, we do not see how this provides a basis for rejecting his complaints of disabling pain.

Similarly, plaintiff's history of drug seeking behavior does not render his pain complaints incredible. Although several physicians noted plaintiff's tendency to abuse narcotics and the need to restrict his access to such drugs, they continued to prescribe large doses of narcotics to treat his pain. Moreover, such drug-seeking behavior is equally consistent with chronic pain. See The Merck Manual at 799 (noting threat of narcotics addiction in patients with chronic pancreatitis); DSM-IV at 459 (noting risk of opioid dependence or abuse associated with chronic pain disorder).

The discrepancies noted by the ALJ between plaintiff's testimony and the record also are not supported by the evidence. Although the record shows that plaintiff visited his family in Poland after he ceased working, there is no evidence that he stopped working because of the trip, and thus no contradiction with his testimony that he stopped working because of his pain and other symptoms. Further, notation in a single medical record that plaintiff had three bowel movements on a particular day did not contradict plaintiff's testimony that he had diarrhea ten to fifteen days a month, and that sometimes it was so intense that he had to use the restroom twenty times a day.

Although the ALJ's remaining reasons find support in the record, this case must be reversed for a reevaluation of plaintiff's subjective complaints. Because a credibility assessment requires consideration of all the factors "in combination," Huston, 838 F.2d at 1132 n.7, when several of the factors *relied upon* by the ALJ are found to be unsupported or contradicted by the record, we are precluded from weighing the remaining factors to determine whether they, in themselves, are sufficient to support the credibility determination. On remand, the opinion by plaintiff's treating physician that plaintiff suffers from debilitating pain, which the ALJ rejected because it rested on plaintiff's subjective complaints, also must be reconsidered. See Goatcher v. United States Dep't of Health & Human Servs.,

52 F.3d 288, 289-90 (10th Cir. 1995) ("A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it.").

The ALJ's conclusion that plaintiff could return to his former work also must be reconsidered in light of plaintiff's testimony about numbness in his hands. The medical evidence revealed "mild peripheral neuropathy" in both plaintiff's hands and feet. Appellant's App. at 237-38. The ALJ did not consider this impairment, however, finding instead that plaintiff's diabetes did not place significant limitations on his functional capacity. Because uncontradicted medical evidence supported plaintiff's complaints of numbness, it was error to decide that he could return to his former electronics assembly work, which required very precise hand skills, without considering the effect of his peripheral neuropathy on his ability to do the job. See generally Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). Plaintiff's argument regarding his ability to lift twenty to thirty pounds is without merit, as it was his burden to show he lacked such a capacity.

We do not address plaintiff's argument regarding the ALJ's hypotheticals to the vocational expert because it is unnecessary in light of our reversal on the credibility issue. In any event, because this case was decided at step four, improper questions to the vocational expert would not have provided a basis for

reversal. <u>See</u> <u>Glenn v. Shalala</u>, 21 F.3d 983, 988 (10th Cir. 1994) (holding ALJ is not required to obtain testimony of vocational expert in a step-four proceeding).

The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED for further proceedings.

Entered for the Court


Robert H. Henry
Circuit Judge