F I L E D
United States Court of Appeals
Tenth Circuit

SEP 10 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DOROTHY M. MARTIN,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

     Defendant-Appellee.

No. 98-7187
(D.C. No. 97-CV-577-S)
(E.D. Okla.)

ORDER AND JUDGMENT *

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Dorothy M. Martin appeals the district court's order affirming the Commissioner's decision to deny her application for disability insurance benefits. She alleges disability since April 15, 1994, due to depression, nervousness, shortness of breath, and pain in her feet and legs. Following a hearing, an administrative law judge (ALJ) determined at step four of the five-step analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), that claimant could perform her past work as a sewing machine operator. Therefore, the Commissioner determined that claimant was not disabled within the meaning of the Social Security Act. On appeal, claimant contends that the ALJ failed to give appropriate weight to her treating physician's opinion, failed to obtain the treating physician's office notes, and relied on an obvious typographical error. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may neither reweigh the evidence nor substitute

our judgment for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant first contends that the ALJ failed to accord appropriate weight to her treating psychiatrist, Dr. Chavern. "Generally, the ALJ must give controlling weight to a treating physician's well supported opinion about the nature and severity of a claimant's impairments." Adams v. Chater, 93 F.3d 712, 714 (10th Cir. 1996). Although the treating physician's opinion should generally be weighted more heavily than the opinions of consulting physicians, an ALJ is not required to disregard the other medical evidence. See Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995). Here, there is no conflict among the opinions of the treating psychiatrist, Dr. Chavern, and the two consulting physicians, Drs. Hogan and Stokes. All three opined that claimant suffered from mild depression that adversely affected her ability to work, a condition the ALJ took into consideration when evaluating whether she could return to her past work. We assume that Dr. Chavern's office notes would support the medical assessment form he provided. Therefore, the ALJ did not fail in his duty to clarify or develop the record.

The only medical evidence that claimant suffered from a disabling mental impairment was provided by Pat Rich, M.B.S., a Psychological Assistant I. See R. Vol. II at 116. The ALJ appropriately discounted the opinions proffered by

Ms. Rich on the ground that she was not a psychologist or a psychiatrist. To the extent claimant argues that Ms. Rich's letter purported to summarize the opinion of Dr. Chavern, the ALJ properly credited the remarks made by Dr. Chavern, himself, in a later medical assessment. Because the ALJ properly discounted Ms. Rich's letter, the ALJ's reference to a typographical error in the letter did not undermine his conclusion about claimant's mental impairment.

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we determine that substantial evidence supports the Commissioner's decision to deny claimant's application for disability benefits.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge