F I L E D
United States Court of Appeals
Tenth Circuit

JAN 6 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICIA GRAHAM,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant - Appellee.

No. 02-6007
D.C. No. CIV-00-2036-M
(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **O'BRIEN** and **PORFILIO**, Circuit Judges, and **KANE**,** Senior District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant Patricia J. Graham appeals the district court's affirmance of the decision by the Commissioner of Social Security denying her application for supplemental security income.  Because the agency's decision is supported by substantial evidence and no legal errors occurred, we affirm.

Claimant filed for benefits alleging an inability to work after November 1, 1997, at age 39, due to pain in her back, hips, and knees.  The medical evidence consisted of the results of a consultative examination by Dr. Raymund King, including a range of motion evaluation.  Aplt. App. at 98-106.  The examining physician reported that claimant was born with scoliosis, for which she had a rod implanted at age fourteen, and that she had a heart murmur which caused no pain.  Dr. King noted "very mild" scoliosis, with reports of back pain on flexion and extension, but with minimal limitations on claimant's range of motion.  *Id.* at 99-100.  Regarding claimant's complaints of hip and right knee pain, Dr. King reported that the pain was affected by weather and that claimant obtained significant relief from over-the-counter Motrin.  The physician found no limitations on claimant's range of motion, no gait disturbances, no difficulty with straight leg raise testing, and no evidence of joint tenderness, redness, deformity, heat or swelling.  Dr. King reported that because claimant's pain might be

-2-

attributed to degenerative disk disease or rheumatoid arthritis, she should undergo a rheumatologic exam and be evaluated by an orthopedist or neurosurgeon "for long-term care and management in the future." *Id.* at 100. The record also contained two residual functional capacity (RFC) assessments provided by nonexamining consultants which concluded that claimant had few, if any, limitations. *Id.* at 107-14; 119-26.

After a hearing, the administrative law judge (ALJ) found that although claimant had no relevant former work to which she could return, she retained the ability to perform a significant number of jobs and therefore was not disabled. The Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner. The district court affirmed, and this appeal followed.

We review the Commissioner's decision to determine only whether it is supported by substantial evidence and whether legal errors occurred. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial "evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). We may not reweigh the evidence or substitute our judgment for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

Claimant argues that in light of Dr. King's recommendation that she be evaluated by an orthopedist or neurosurgeon and that she undergo a rheumatologic exam, the ALJ erred in failing to develop the record. A consultative examination is only necessary when the existing medical evidence is conflicting, inconsistent, ambiguous, or insufficient to permit a decision on the claimant's disability claim. *See* 20 C.F.R. § 416.919a(b); *Hawkins v. Chater*, 113 F.3d 1162, 1166-67 (10th Cir. 1997). In this case, although the exact condition causing claimant's pain was not known, the record contained the necessary medical evidence regarding the effect of the pain on claimant's abilities. The RFC assessments completed by the nonexamining consultants did not conflict with this evidence, and the ALJ's conclusion that claimant's pain was not disabling did not rest on the lack of a diagnosis, but on her remaining abilities. Further, Dr. King's recommendation that claimant receive additional testing was to aid in her future medical treatment, not to identify an impairment which would impose additional limits on her functional abilities. For these reasons, the ALJ did not violate his duty to develop the record.

Claimant next argues that because she presented "substantial evidence" of disabling pain the ALJ erred in concluding that her pain was not disabling. Aplt. Br. at 13. Her argument is legally incorrect because it seeks to engraft a standard of appellate review upon the fact finding process. The ALJ is not required to

accept a claimant's allegations of disabling pain simply because the record contains "substantial evidence" of such pain. Much to the contrary, the ALJ must find the facts based upon all relevant evidence and permissible inferences and is permitted wide latitude in weighing the probative value of evidence considered. Because the ALJ, being able to see and hear witnesses, is in a superior position to assign weight and draw conclusions, we defer to her with respect to facts rationally found, but test her reasoning by reviewing the record to see if the announced findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) (providing that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

Claimant is also incorrect in arguing that the ALJ must have relied on the nonexamining consultants' reports and disregarded Dr. King's report to find that her pain was not disabling. We note first that Dr. King never reported that claimant's pain was disabling. Further, it is clear from the ALJ's decision that he accepted that claimant suffered some pain, but found that her pain was not disabling. After properly considering the factors set out in *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), the ALJ concluded that claimant's allegations of disabling pain were not entirely credible. Because "[c]redibility determinations are peculiarly the province of the finder of fact," we will not upset the ALJ's

determination where, as here, it is supported by substantial evidence. *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). We emphasize that a claimant's inability to work pain-free, standing alone, is not a sufficient reason to find her disabled. *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988).

Finally, claimant argues that the ALJ failed to resolve conflicts in the record by relying only on the vocational expert's answer to a hypothetical which did not include claimant's allegations of disabling pain and by disregarding the vocational expert's opinion that claimant could not work if her pain allegations were credited. Because the ALJ's hypothetical included all of the limitations he properly determined claimant to have, there was no error. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Appellee's motion to file a surreply brief to appellant's reply brief is denied.

Entered for the Court


John L. Kane
Senior District Judge