**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARY MILLER,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 06-2000
(D.C. No. CIV-04-1190 WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge**, O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

      Plaintiff Mary Miller appeals the district court's judgment[1] affirming the

Commissioner's decision to deny her application for social security disability

---

[*]       After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]       The parties consented to proceed before a magistrate judge, pursuant to 28 U.S.C. § 636(c).

benefits and supplemental security income.  We take jurisdiction under 28 U.S.C.
§ 1291 and affirm.

*Background*

Ms. Miller alleges disability since July 2002 due to a seizure disorder and
depression.  An administrative law judge (ALJ) held a hearing at which Ms. Miller
appeared pro se and testified.  Her mother also testified, as did a vocational expert.
The ALJ determined that Ms. Miller could not perform her past work, but that there
were other jobs existing in significant numbers in the national economy that she
could perform, including office helper, rental clerk, and postal service sorter.
Accordingly, he denied benefits at step five of the five-part sequential evaluation
process.  *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005)
(describing five steps).

Ms. Miller then obtained counsel, who informed the Appeals Council that
he planned to submit additional evidence, but he did not file a written request to
extend the filing deadline.[2]  The Appeals Council denied review, and the ALJ's
ruling became the final decision of the Commissioner.  *See Jensen v. Barnhart*,
436 F.3d 1163, 1164 (10th Cir. 2005).  Six weeks later, Ms. Miller submitted an
additional medical report.  The Appeals Council did not act on the new evidence.

---

[2]     The attorney also requested a copy of the audiotape of the administrative
hearing, but apparently never received one.  Ms. Miller does not explain why the
Appeals Council's failure to provide the tape is reversible error, if she is arguing
that it was error at all.

Ms. Miller filed suit in the district court, which ultimately affirmed the Commissioner's decision. Ms. Miller appeals.

*Legal Framework*

We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether she applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* We do not reweigh the evidence or retry the case, but we "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262.

In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted). The impairment must be a "'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .'" *Fischer-Ross*, 431 F.3d at 731 (quoting 42 U.S.C. § 423(d)(1)(A)).

On appeal, Ms. Miller claims a remand is required because (1) the ALJ failed to address her mother's testimony, and (2) the Appeals Council failed to address the new and material evidence submitted after the administrative hearing.[3]

*Analysis*

Ms. Miller first asserts that the ALJ failed to consider the testimony given by her mother, Marilyn Duckacki, and also failed to ask her mother any questions about her depression. She maintains that because the ALJ's decision did not specifically discuss the mother's testimony he did not consider it, and this legal error requires a remand.

Ms. Duckacki testified that Ms. Miller has no warning before a seizure occurs, the seizures last ten or fifteen minutes, and afterward Ms. Miller lies on the couch for the rest of the day. Aplt. App. Vol. I, at 320. Ms. Miller offers no indication of what her mother would have said about her depression, and we decline to speculate about it.

The ALJ's written decision states and demonstrates that he considered all of the evidence in the record. "[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

---

[3]     Ms. Miller has abandoned on appeal her claim that the ALJ failed to advise her of her right to representation.

-4-

Although he did not mention Ms. Duckacki's description of Ms. Miller's seizures, the ALJ discussed her seizure disorder at length. Ms. Miller does not claim that the ALJ's findings conflict with Ms. Duckacki's testimony. An ALJ is not required to discuss every piece of evidence so long as the record demonstrates that he considered all of the evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996); *cf. Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996) (declining to require ALJ to make specific written finding of each witness's credibility). Because the ALJ adequately considered the evidence, his failure specifically to discuss Ms. Duckacki's testimony does not require a remand.

For her second argument, Ms. Miller contends that the Appeals Council erred in issuing its decision before receiving her additional medical evidence and in failing to consider or credit it. The applicable regulations require that any documents a claimant wants the Appeals Council to consider be submitted with a request for review, to be filed with the Appeals Council within sixty days after receipt of the ALJ's decision, unless a written request to extend the time is filed. 20 C.F.R. §§ 404.968, 416.1468. Ms. Miller's attorney did not submit the new evidence with the request for review. He also did not file a written request for an extension of time to file the review request, giving the reasons for the late filing and showing good cause, as required by the regulations. *See* §§ 404.968(b), 414.1468(b). In fact, he sent the new evidence to the Appeals Council six weeks

after the Council's adverse ruling and only days before he filed the complaint with the federal district court challenging the Commissioner's decision.

Although the Appeals Council must consider certain evidence "submitted with a request for review," *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (quotation omitted), after the case has progressed to the district court, the court, not the agency, may take action relative to the new evidence. Specifically, sentence six of 42 U.S.C. § 405(g) authorizes a district court to remand to the agency when "new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994).

Here, the new evidence was not properly before the Appeals Council because the Council had already ruled well before the evidence was submitted. Furthermore, a remand by the district court was not warranted because no showing was made that there was good cause for the failure to incorporate the new evidence into the agency proceeding. Consequently, the Commissioner was not required to consider the new evidence.[4]

---

[4]   The district court denied relief on this issue for different reasons. We may affirm the district court's judgment on any grounds, even those not relied upon by the district court, so long as the record is sufficient to permit conclusions of law. *B-S Steel of Kan., Inc. v. Texas Indus., Inc.*, 439 F.3d 653, 666 n.15 (10th Cir. 2006).

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Circuit Judge