**Vicki A. PERBECK, a/k/a Vicki A. Distefano, Plaintiff,**

v.

**Michael J. ASTRUE,[1] Commissioner of Social Security, Defendant.**

**Civil Action No. 06–2185–JWL–JTR.**

United States District Court,
D. Kansas.

May 17, 2007.

---

1. On Feb. 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1268

Jean C. Owen, Law Office of Jean C. Owen, Mission, KS, for Plaintiff.

Christopher Allman, Office of United States Attorney, Kansas City, KS, for Defendant.

**ORDER**

LUNGSTRUM, District Judge.

On April 16, 2007, a Report and Recommendation (doc. 7) was issued by the Honorable John T. Reid, Magistrate Judge. The time in which to file objections has passed and to date no objections have been filed. The court has reviewed the Report and Recommendation and finds that it should be adopted.

IT IS THEREFORE ORDERED BY THE COURT that the Report and Recommendation (doc. 14) is adopted and the Commissioner's decision is REVERSED and this case is REMANDED pursuant to

the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

## REPORT AND RECOMMENDATION

REID, United States Magistrate Judge.

Plaintiff seeks review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits and supplemental security income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act). The matter has been referred to this court for a report and recommendation. The court recommends the Commissioner's decision be REVERSED and the case be REMANDED for further proceedings.

## I. Background

Plaintiff's applications for disability insurance benefits and supplemental security income were denied initially and upon reconsideration. (R. 13, 22, 23, 199, 201). Plaintiff requested, and on Jun. 8, 2005, received a hearing before an Administrative Law Judge (ALJ) at which plaintiff was represented by an attorney. (R. 13, 35, 40–44). Plaintiff and her husband testified at the hearing. (R. 13, 406–40). On Sept. 14, 2005, the ALJ issued a decision in which she found plaintiff is not disabled within the meaning of the Act, and denied plaintiff's applications. (R. 13–20).

Specifically, the ALJ found that plaintiff has not engaged in substantial gainful activity during the relevant time (R. 15), that plaintiff has a severe impairment of fibromyalgia (R. 15–16), and that plaintiff does not have an impairment or combination of impairments which meets or medically equals the severity of any impairment listed in the Listing of Impairments. (R. 16). The ALJ found that plaintiff has the residual functional capacity (RFC) "to perform

a light level of exertion." (R. 16). She considered plaintiff's allegations of symptoms and the opinions contained in the record. (R. 17–19). She found that plaintiff's "statements concerning the intensity, duration and limiting effect of … symptoms are not entirely credible." (R. 18). She found that plaintiff is unable to perform any past relevant work, but that plaintiff is a younger individual with at least a high school education who is able to communicate in English. (R. 19). Considering plaintiff's age, education, work experience, and residual functional capacity, the ALJ directly applied Medical–Vocational Rule 202.14, and found that plaintiff is not disabled within the meaning of the Act. (R. 20). Therefore, she denied plaintiff's applications. (R. 20).

Plaintiff requested (R. 9) and was denied Appeals Council review of the ALJ's decision. (R. 5–7). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 5); *Threet v. Barnhart,* 353 F.3d 1185, 1187 (10th Cir.2003). Plaintiff now seeks judicial review.

## II. Legal Standard

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir.2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion. *Gossett v. Bowen,* 862 F.2d 802, 804 (10th Cir.1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." *White,*

287 F.3d at 905 (quoting *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800 (10th Cir.1991)). The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. *Gossett*, 862 F.2d at 804–05; *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir.1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d); *see also, Barnhart v. Walton*, 535 U.S. 212, 217–22, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002)(both impairment and inability to work must last twelve months). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Id.*; 20 C.F.R. §§ 404.1520, 416.920 (2004).

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir.2004); *Ray*, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir.1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). *Id.* at 750–51. If plaintiff's impairment does not meet or equal a listed impairment, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the process. *Id.*

After assessing claimant's RFC, the Commissioner evaluates steps four and five, whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy. *Williams*, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir.2001); *Williams*, 844 F.2d at 751 n. 2. At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. *Id.*; *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir.1999).

Plaintiff claims first that the ALJ erred in evaluating the credibility of plaintiff's allegations of limitations resulting from her symptoms, and consequently produced an erroneous RFC assessment. (Pl.Br., 6–12). Further, she claims the ALJ erroneously applied the Medical–Vocational Guidelines in this case despite the fact that plaintiff has non-exertional limitations of pain and fatigue resulting from her fibromyalgia. (Pl.Br., 12–14). The Commissioner argues that substantial evidence in the record as a whole supports the ALJ's credibility determination and that plaintiff seeks merely to have the court reweigh the evidence. (Comm'r Br., 9–11). He argues that the ALJ properly assessed plaintiff's RFC based upon the ALJ's credibility finding and the evidence in the record as a whole. (Comm'r Br., 12–13). Finally, he argues that the ALJ properly applied Medical–Vocational Rule 202.14 because she properly found that plaintiff's condi-

tion meets all of the criteria of that rule, and plaintiff's impairments do not prevent her from performing the full range of light work. (Comm'r Br., 13–14). The court will discuss each argument in the order it would be reached in applying the sequential evaluation process.

## III. Credibility

Here, the ALJ found that plaintiff has the RFC "to perform a light level of exertion." (R. 16). She found that plaintiff's "statements concerning the intensity, duration and limiting effects of [her] symptoms are *not entirely credible.*" (R. 18)(emphasis added). She noted several inconsistencies in plaintiff's allegations revealed by the record, and stated, "I have assessed the claimant's credibility and *found her statements to be generally credible.* Nevertheless, the claimant participates in a wide range of daily activities that are consistent with the established residual functional capacity." (R. 18) (emphasis added).

Not surprisingly, plaintiff and the Commissioner made opposite arguments relating to the ALJ's findings. Plaintiff noted that "the ALJ found Plaintiff's 'statements to be generally credible,'" (Pl.Br., 7)(quoting (R. 18)), and argued that substantial record evidence supports plaintiff's allegations and refutes the ALJ's bases for discrediting those allegations. (Pl.Br., 7–11). The Commissioner argued that plaintiff's brief essentially seeks to have the court reweigh the evidence, that the court may not reweigh the evidence, and that substantial evidence in the record as a whole supports the ALJ's findings that plaintiff's statements were *generally credible but were not entirely credible.* (Comm'r Br., 9–11).

■ As the Commissioner argues, "the ALJ is 'optimally positioned to observe and assess witness credibility.'" (Comm'r Br., 9) (quoting *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir.1996) (quoting *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 801 (10th Cir.1991))). Consequently, the court will usually defer to an ALJ's credibility determination. However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988). Therefore, as the Commissioner argued, the court must "'determine whether the ALJ's credibility determination is sufficiently detailed and supported by substantial evidence.' *Shubargo v. Barnhart*, 161 Fed. Appx. 748, 753 (10th Cir.2005), citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir.2004)." (Comm' r Br., 9).

■ Here, the ALJ found plaintiff's statements "generally credible," but "not entirely credible." (R. 18). Therefore, in order to determine whether the findings are supported by substantial evidence in the record, the court must determine which statements were accepted as credible, which statements were found not credible, and what evidence supports each finding. The ALJ did not specify which statements she found credible and which statements she found not credible. She merely noted that certain statements of plaintiff are inconsistent with certain evidence in the record and that plaintiff participates in daily activities which are consistent with the RFC assessed. (R. 18). *After* she noted inconsistencies between plaintiff's testimony and the record, the ALJ stated she found plaintiff's "statements to be generally credible." (R. 18).

The credibility findings in this case are not sufficiently detailed. The findings are unreviewable except by the court reweighing the evidence, determining which testimony of plaintiff is not consistent with the ALJ's RFC assessment, and further determining whether substantial evidence in the

record as a whole supports the ALJ's finding that the testimony which is inconsistent with the RFC assessment is not credible. As the Commissioner argues, the court may not reweigh the evidence. *White*, 287 F.3d at 905 (citing *Casias*, 933 F.2d at 800). The court finds that remand is necessary for the Commissioner either to accept plaintiff's allegations completely, to reject plaintiff's allegations completely, or to explain which allegations are accepted and which allegations are rejected. He must also explain how the evidence of record supports each credibility finding. *See, McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir.2002) (error because ALJ failed to explain and support with substantial evidence which testimony he did not believe and why).

## IV. Application of the Medical–Vocational Guidelines

Plaintiff claims pain and fatigue produce non-exertional limitations which are present in this case and preclude conclusive reliance upon the Medical–Vocational Guidelines, 20 C.F.R., Pt. 404, Subpt. P, App. 2 (commonly called "Grids," and so used hereinafter). She claims the ALJ erred in relying upon Grid Rule 202.14, without supporting vocational expert testimony, to conclude plaintiff is capable of performing work existing in the economy. The Commissioner argues that the ALJ properly determined Grid Rule 202.14 directs a finding of "not disabled," because plaintiff's condition meets all of the criteria of that rule and because the ALJ properly found plaintiff is capable of performing the full range of light work. (Comm'r Br., 13–14)(citing *Alford v. Sullivan*, 791 F.Supp. 1483, 1490–91 (D.Kan.1992); and *Gossett*, 862 F.2d at 808).

In the grids, the Commissioner has provided a tool to aid in making uniform, efficient decisions in determining the types and numbers of jobs existing in the national economy for certain classes of claimants.

*Heckler v. Campbell*, 461 U.S. 458, 468, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). However, the grids are applicable "only when they describe a claimant's abilities and limitations accurately." *Id.* 461 U.S. at 462 n. 5, 103 S.Ct. 1952; *see also Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir.1984). Because the grids are based upon the physical exertion requirements for work in the national economy, they may not be fully applicable for claimants who have nonexertional limitations. *Channel*, 747 F.2d at 580. Realizing this limitation on the use of the grids, the Commissioner has promulgated a procedure for evaluating claims where both exertional and nonexertional limitations are present:

(2) [W]here an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.

20 C.F.R., Pt. 404, Subpt. P, App. 2, § 200.00(e)(2); *see also Channel*, 747 F.2d at 580–81.

The grids direct a finding in a particular case only when there is an "exact fit" between the criteria of the grids and the situation before the ALJ. *Campbell*, 461 U.S. at 468, 103 S.Ct. 1952; *Channel*, 747 F.2d at 579. Where the grid rules do not direct a finding, "full consideration must be given to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appro-

priate sections of the regulations which will provide insight into the adjudicative weight to be accorded each factor." 20 C.F.R., Pt. 404, Subpt. P, App. 2 § 200.00(e)(2); *see also Channel,* 747 F.2d at 579–82 (application of the grids where nonexertional limitations are present).

█ Where plaintiff is unable to do a full range of work in an exertional category, the ALJ may not conclusively apply the grids. *Channel,* 747 F.2d at 582 (error to apply the grids absent a finding that plaintiff could perform the full range of sedentary work). Instead, the ALJ "must give 'full consideration' to 'all the relevant facts,' App. 2, § 200.00(e)(2), including expert vocational testimony if necessary, in determining whether [plaintiff] is or is not disabled." *Channel,* 747 F.2d at 583. Where nonexertional limitations affect the range of work of which plaintiff is capable, the grids may serve only as a framework to assist in determining whether sufficient jobs exist in the national economy given plaintiff's limitations and characteristics. *Gossett v. Bowen,* 862 F.2d 802, 806 (10th Cir.1988).

█ But, "[T]he mere presence of a nonexertional impairment does not automatically preclude reliance on the grids. Use of the grids is foreclosed only '[t]o the extent that nonexertional impairments further limit the range of jobs available to the [plaintiff].' " *Channel,* 747 F.2d at 583, n. 6 (quoting *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir.1983)). Thus, use of a vocational expert is required only where plaintiff's nonexertional limitations limit the range of work available in a particular occupational base and where no other evidence (either in the record or in occupational resources upon which the Commissioner may rely, see 20 C.F.R. § 404.1566(d)) establishes that a significant number of jobs of which plaintiff is capable are available. Where the grids establish that a significant number of jobs

exist in the economy, the Commissioner need not introduce evidence of specific available jobs. *Campbell,* 461 U.S. at 468–70, 103 S.Ct. 1952.

Because the Commissioner must properly evaluate the credibility of plaintiff's allegations on remand, and because those allegations deal primarily with plaintiff's allegations of pain and fatigue, it is premature to decide whether the ALJ properly applied the grids. Suffice it to note that the Commissioner must properly evaluate the credibility of plaintiff's allegations and must incorporate those findings into the RFC assessment. Then, if the Commissioner finds plaintiff unable to perform his past relevant work, he must determine whether other work exists in the economy of which plaintiff is capable. He must apply the law as discussed above in determining whether to use the grids conclusively or merely as a framework in making the step five determination.

**IT IS THEREFORE RECOMMENDED** that the decision be reversed and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) remanding the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. *Hill v. Smith-Kline Beecham Corp.,* 393 F.3d 1111, 1114 (10th Cir.2004).