**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICKY J. TOLLETT,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant-Appellee.

No. 02-7065
(D.C. No. 01-CV-386-P)
(E.D. Okla.)

ORDER AND JUDGMENT   *

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

      Ricky J. Tollett appeals the denial of his application for Social Security

supplemental-income and disability-insurance benefits. Social Security

regulations implement a five-step sequential process to evaluate a disability

claim. See Williams v. Bowen , 844 F.2d 748, 750–52 (10th Cir. 1988) (detailing

---

\*      The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

steps). Finding that Tollett retained the residual functional capacity to perform sedentary work limited by an inability to work around moderate to severe levels of pulmonary irritants, the administrative law judge (ALJ) denied benefits at step five. Based on the vocational expert's testimony, the ALJ further found that there were a significant number of jobs in the national economy that Tollett could perform. After the ALJ issued a decision denying benefits, Tollett submitted additional medical records. The Appeals Council considered those records, as well as the materials that were before the ALJ, and denied review. This denial was affirmed by the district court. Exercising jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

Our review is limited to evaluating whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). Tollett challenges the ALJ's denial of benefits on two grounds. First, he contends that the new evidence submitted to the Appeals Council requires a finding of disability. Second, he argues that the ALJ failed properly to assess his capacity to perform work at the sedentary level.

A claimant may submit new and material evidence in his appeal to the Appeals Council "[i]f the evidence relates to the period on or before the date of the [ALJ's] decision." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994)

-2-

(citing 20 C.F.R. § 404.970(b)). The new evidence is included in the administrative record to be evaluated as a whole. See id. at 859.

Tollett's new evidence related to his heart condition and major depression. Because the records pertaining to his depression were created in October 1999 and January 2000, after the ALJ's July 9, 1999 decision, we do not consider those records. See id. at 858. We note, however, that the evidence does not demonstrate that Tollett was disabled by depression as of the date of the ALJ's decision because it does not indicate that he was suffering from depression prior to October 1999.

The new evidence concerning Tollett's heart condition does relate to the period on or before the date of the ALJ's decision. Consequently, we review this new evidence when evaluating the record as a whole. Tollett was hospitalized in June 1999 for chest pain. Dr. Schmidt performed a cardiac catheterization on July 2, 1999, which showed "[n]ormal LV function [and] [m]ild CAD." (1 R. at 172.) In his July 3, 1999 discharge summary, Dr. Schmidt concluded that "aortic valve disease was not the culprit for his symptoms of severe dyspnea." Id. at 163. He recommended "low dose after load reduction therapy" to "forestall any progression of ventricular dysfunction," but recommended no further intervention. Id. at 163-64.

Tollett argues that the new medical evidence compels reconsideration of the ALJ's decision to deny benefits because it renders incorrect the ALJ's statement that Tollett "was not referred to a cardiologist, and coronary care has never been given to the claimant other than his one episode of chest pain [in May 1997]." Id. at 35, 37. But the ALJ also evaluated the evidence pertaining to Tollett's heart condition, including the pulmonary function studies the consulting physician performed on March 24, 1998, which were normal, and an abnormal electrocardiogram. See id. at 37. He concluded that Tollett's heart condition was not disabling. The new evidence, considered with the existing record, shows that Tollett had a second episode of chest pain in June 1999. He points to no evidence demonstrating that his condition in June and July 1999 was disabling, and our review of the evidence has revealed no such evidence. We conclude that the ALJ's determination remains supported by substantial evidence.

Tollett next claims that the ALJ erred in finding that he was able to perform sedentary work, even with the restriction imposed by the ALJ that he not work around moderate to severe levels of pulmonary irritants. Tollett maintains that the ALJ failed to consider his breathing limitation, heart condition and inability to stand or walk for more than five minutes at a time. He claims that the jobs identified as appropriate for him did not accommodate his restrictions: the gate guard position would expose him to exhaust fumes, and the clerical sorter and

optical assembler jobs would be eliminated due to his shortness of breath. In addition, Tollett asserts that the hypothetical questions posed to the vocational expert did not include all of his limitations.

Contrary to Tollett's argument that the ALJ did not take into account his limitations, the ALJ recognized that he could no longer perform his past work, which was classified as "heavy" or "medium," (1 R. at 64-65), and found that his limitations permitted him to perform only sedentary work. See 20 C.F.R. §§ 404.1567(a) and 416.967(a) (describing physical requirements of sedentary work). Therefore, we turn to his challenge to the hypothetical questions posed to the vocational expert.

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir. 1999).

Tollett maintains that his shortness of breath eliminated the clerical sorter and optical assembler positions because those jobs required repetitive motions. In response to Tollett's attorney's question, the vocational expert testified that an inability to perform repetitive work of the upper extremities would eliminate the

optical assembler job and probably the clerical sorter job. But there was no evidence that Tollett could not perform repetitive motions. Therefore, the ALJ properly rejected this restriction.

Tollett also argues that the gate guard position was eliminated because it would probably expose him to exhaust fumes. The vocational expert did not suggest that exhaust fumes would preclude Tollett from performing as a gate guard. To the contrary, she included the gate guard job as one that could be performed by someone who needed "to avoid exposure to chemical fumes, perfumes, and other such types of pulmonary irritants." ( Id. at 65-66.) Therefore, the vocational expert's testimony provided a proper basis for the ALJ's disability decision.

We conclude that the agency applied the correct legal standards and that substantial evidence supports the agency's decision. Accordingly, the judgment is **AFFIRMED** .

Entered for the Court

Carlos F. Lucero
Circuit Judge