**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SALLY CHAMBERS,

       Plaintiff-Appellant,

v.

No. 02-5163

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 01-CV-582-CL)

---

Submitted on the briefs:

Wilson Jones, Tulsa, Oklahoma, for Plaintiff-Appellant.

David E. O'Meilia, United States Attorney, Loretta F. Radford, Assistant United States Attorney, Tina M. Waddell, Regional Chief Counsel, Michael McGaughran, Deputy Regional Chief Counsel, and Amy J. Mitchell, Special Assistant United States Attorney, Office of the General Counsel, Region VI, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

---

Before **HARTZ** , **O'BRIEN** , and **McCONNELL** , Circuit Judges.

---

**O'BRIEN** , Circuit Judge.

Plaintiff Sally Chambers appeals from a final judgment entered by the magistrate judge pursuant to the parties' consent under 28 U.S.C. § 636(c)(1), upholding the Commissioner's denial of her applications for social security disability benefits and supplemental security income payments. We hear this appeal from the magistrate judge's order directly, without intermediate review in the district court, pursuant to 28 U.S.C. § 636(c)(3) and § 1291, and affirm for the reasons explained below.[1]

Ms. Chambers alleged disability based on pain and limited functionality associated primarily with her left hip and leg, which affected her ability to stand, walk, bend, and climb, and secondarily with her neck, back, and arms, which affected her tolerance for lifting and sitting. She also complained of a condition that caused the skin on her hands to peel off periodically, but she conceded that this had no effect on the work she could do. Following an evidentiary hearing, the administrative law judge (ALJ) concluded that Ms. Chambers had the residual functional capacity to return to her past work as a light truck driver, at least as she performed it, which required no loading/unloading and involved trucks with

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

automatic transmissions. The ALJ therefore denied benefits at step four of the controlling sequential analysis. *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step analysis in detail). Ms. Chambers sought review by the Appeals Council. She also submitted three new items of evidence, but her attorney inadvertently included an incorrect social security number on the cover letter for the submission and the Appeals Council denied review without mentioning the new evidence. Eventually realizing the mistake, the attorney re-submitted the evidence and asked for reconsideration of the case, but these efforts were unsuccessful. This action for judicial review followed. As noted above, the magistrate judge affirmed the Commissioner's denial of benefits and Ms. Chambers commenced this appeal.

When we review a disability determination, "we closely examine the record as a whole to determine whether [the Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (quotation omitted). "The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal[.]" *Id.* The sole issue raised is whether the Appeals Council erred in failing to consider evidence Ms. Chambers first submitted on her administrative appeal pursuant to 20 C.F.R. §§ 404.970(b), 416.1470(b).

This circuit initially addressed the status of evidence submitted directly to the Appeals Council in *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994), where we followed the majority view holding that the evidence becomes part of the record for purposes of judicial review. We have since fleshed out the nature and consequences of judicial review with respect to such evidence in a series of unpublished decisions relying on extra-circuit precedent consistent with, though involving procedural variations on, *O'Dell*. While we deem these later decisions analytically sound and persuasive, under our rules they lack binding precedential effect and, thus, cannot offer the bench and bar the stable assurance published authority can provide. *See generally Rural Water Dist. No. 1 v. City of Wilson*, 243 F.3d 1263, 1271 (10th Cir. 2001) (applying 10th Cir. R. 36.3). Consequently, as we have on other appropriate occasions, "[f]or guidance and consistency, we now acknowledge this circuit's [established] practice . . . in a published decision." *United States v. Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999).

The relevant principles we have recognized may be summarized as follows. Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), the Appeals Council must

> consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision.' *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995) (internal quote omitted); *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991) (internal quote omitted); *see also O'Dell*, 44 F.3d at 858.

*Lawson v. Chater*, No. 95-5155, 1996 WL 195124, at **1 (10th Cir. Apr. 23, 1996). "Whether [evidence] qualifies as new, material and chronologically relevant is a question of law subject to our de novo review. *See Box[,]* 52 F.3d [at] 171." *Wilson v. Apfel*, No. 99-3310, 2000 WL 719457, at **2 (10th Cir. June 5, 2000). If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. *See id.*; *Tollett v. Barnhart*, No. 02-7065, 2003 WL 1473565, at *1 (10th Cir. Mar. 24, 2003). If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard. *See O'Dell*, 44 F.3d at 859 (following, among other cases, *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)). Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings. *See Lawson*, 1996 WL 195124, at **1-2; *accord Nelson*, 966 F.2d at 366.

Ms. Chambers insists her case falls into the last category. As in *Lawson*, there is no dispute that the evidence escaped the attention of the Appeals Council. The critical question, therefore, is whether the evidence is new, material, and chronologically relevant. There are three items to consider: a December 12, 2000 pulmonary function test, a February 16, 2001 radiology report suggesting chronic

obstructive pulmonary disease, and a May 17, 2001 EMG with nerve conduction values suggestive of carpal tunnel syndrome, albeit lacking clinical correlation. The magistrate judge held that these reports did not qualify under the regulations. While we differ with the magistrate judge on certain minor points, we agree with the general thrust of his rationale and affirm accordingly.

Before explaining our agreement with the magistrate judge's application of §§ 404.970(b) and 416.1470(b), however, we think it is important to disclaim reliance on an alternative rationale invoked by the judge for upholding the denial of benefits. Specifically, the judge held that even if some of the new evidence in question qualified under the regulations and, thus, should have been considered by the Appeals Council, the denial of benefits could be affirmed under *O'Dell* despite the Appeals Council's omission, because "there would still be substantial evidence supporting the ALJ's determination." App. Vol. II, at 236. This holding misreads *O'Dell* and invades the administrative province of the Appeals Council, which has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision "is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). *See generally Parris v. Hecklar*, 733 F.2d 324, 326 (4th Cir. 1984) (discussing Appeals Council's broad authority over and ultimate responsibility for factual determinations in matters involving new evidence under § 404.970(b)).

-6-

Only after the Appeals Council makes this determination do the courts properly review the denial of benefits–if that was the Appeals Council's decision [2]–on the entire record under the deferential substantial-evidence standard. That is in fact what happened in *O'Dell*. *See O'Dell*, 44 F.3d at 857 (noting Appeals Council had expressly "decided that the new evidence did not provide a basis for changing the ALJ's decision"). And, as summarized above, in a subsequent decision this court explicitly held that "[i]f the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings." *Lawson*, 1996 WL 195124, at **1.

We therefore rely for our rationale of decision solely on the disqualification of Ms. Chambers' evidence under the applicable regulations. In this regard the magistrate judge held that "none of [the medical reports submitted to the Appeals Council] relates to the time period on or before the ALJ hearing, held November 7, 2000, as required by 20 C.F.R. § 404.970(b)." App., Vol. II, at 235. Actually, the relevant time is the period "on or before the date of the [ALJ's] hearing *decision,*" § 404.970(b) (emphasis added), which in this case was December 11, 2000, just a single day before the pulmonary function test (to which the February

---

[2] We emphasize that the Appeals Council may decide to *grant* benefits based on new evidence. The magistrate judge's approach would arrogate to the courts the power to deprive a claimant of this potential administrative benefit through a form of preemptive judicial review. We know of no authority for such power.

report inherently relates as well). We are therefore reluctant to rely on chronological remoteness to disqualify the pulmonary reports. However, we agree with the magistrate judge that the EMG taken six months later, containing the first suggestion of a possible condition of unspecified duration and as yet unsubstantiated clinical presence, did not qualify under the regulations. *See, e.g., Tollett*, 2003 WL 1473565, at *1.

The magistrate judge deemed the pulmonary reports disqualified for a second reason, with which we concur:

> [They] are not material. They relate to the existence of possible lung conditions and COPD [chronic obstructive pulmonary disease]; however Claimant never complained of any impairments relating to her lungs. When asked why she could not work, she related primarily the stiffness and pain from her hip and leg. She never cited any breathing disorder as having any bearing on her inability to work. Therefore, the new reports have no bearing on the question of Claimant's alleged disability.

App., Vol. II, at 235. In short, the evidence indicated at most "the mere presence of a condition" with no vocationally relevant impact–a patently inadequate basis for a disability claim. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (following *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987)). Because there is no "'reasonable possibility that [the evidence] would have changed the outcome,'" the magistrate judge properly concluded it was immaterial. *Lawson*, 1996 WL 195124, at **2 (quoting *Wilkins*, 953 F.2d at 96, for "materiality" standard under § 404.970(b)).

-8-

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.