**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KASAUNDRA PEACOCK,

Petitioner,

v.

RAILROAD RETIREMENT BOARD,

Respondent.

No. 07-9510
(No. 06-AP-0058)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Kasaundra Peacock appeals a decision of the Railroad Retirement Board

denying her application for a disabled widow's annuity under the Railroad

Retirement Act of 1974, 45 U.S.C. § 231a(d)(1)(i), and consequent early

Medicare coverage under the Social Security Act. We have jurisdiction under

45 U.S.C. § 231g, and we REVERSE and REMAND for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Under certain circumstances, a railroad employee's widow who is "under a disability" is eligible for the payment of an annuity under the Railroad Retirement Act. 45 U.S.C. § 231a(d)(1)(i). Under the Act, "a widow . . . shall be under a disability if her . . . permanent physical or mental condition is such that she . . . is unable to engage in any regular employment." *Id*. § 231a(d)(3).

Ms. Peacock filed for benefits on July 20, 2004, alleging she was disabled as of April 1, 2004, due to right radial tunnel syndrome. She reported that any use of her right hand or arm caused her pain. She received a hearing on March 23, 2006. In his decision dated June 19, 2006, the hearing officer acknowledged that Ms. Peacock suffered from chronic posterior interosseus nerve syndrome and that she experienced some pain from using her right arm, but he did "not find it credible that the level and extent of her pain is such that it precludes all work." Admin. R. at 30. He found that Ms. Peacock retained the residual functional capacity (RFC) to perform a reduced range of light and sedentary work, so long as she was not exposed to upper body vibration or unprotected heights and would not have to perform repetitive push/pull functions with her right arm or operate moving or dangerous machinery.

Ms. Peacock appealed to the Railroad Retirement Board. On August 22, 2006, she had magnetic resonance imaging (MRIs) of the hips, the lumbosacral spine, and the cervical spine performed, and she submitted the reports of these

-2-

procedures to the Board as new evidence to support her claims of disability. In a decision dated November 16, 2006, a majority of the Railroad Retirement Board denied her appeal. The Board also refused to consider her new evidence because "[t]he reports submitted did not even exist until after the hearings officer's decision was issued." Admin. R. at 4. Ms. Peacock appeals.

## II.

Our review of decisions of the Railroad Retirement Board is limited. "The findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive." 45 U.S.C. § 355(f) (incorporated into the Railroad Retirement Act by 45 U.S.C. § 231g). "Once we determine that the Board's factual findings are supported by substantial evidence and its decision is not based on an error of law, our task is complete." *Gatewood v. R.R. Ret. Bd.*, 88 F.3d 886, 888 (10th Cir. 1996).

Ms. Peacock first contends that the Board erred in refusing to consider her new evidence. We agree that the Board's stated reason for declining to consider the new MRI reports was inconsistent with the governing regulation, 20 C.F.R. § 260.9(e), which provides in pertinent part:

> Upon final appeal to the Board, the appellant shall not have right to submit additional evidence. However, the Board may grant a request to submit new evidence where new and material evidence is available that, despite due diligence, was not available before the decision of the hearings officer was issued.

Thus, by the plain language of the regulation, to merit potential consideration of new evidence, the claimant must show that the evidence (1) is new, (2) is material, and (3) was not available before the hearing officer's decision despite appellant's due diligence. Even upon such a showing, whether to accept the evidence is a matter of the Board's discretion.

Because the ultimate decision at issue is committed to the Board's discretion, our review is for abuse of discretion. A legal error constitutes an abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 100 (1996). The Board's expressed reason for declining to consider Ms. Peacock's new evidence – that the reports were created after the date of the hearing officer's decision – constitutes a legal error. Section 260.9(e) does not specify that new evidence must have been created before the date of the hearing officer's decision to be eligible for consideration.

The next question, then, concerns the effect of the Board's failure to consider Ms. Peacock's new evidence. We review de novo to determine whether new evidence satisfies regulatory conditions for consideration. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).[1] If new evidence does not

[1] Although *Chambers* is a Social Security case, not a Railroad Retirement Board case, given the similarities and overlapping authority between the two statutes, courts have held "it is the accepted practice to use social security cases as precedent for railroad retirement cases." *Burleson v. R.R. Ret. Bd.*, 711 F.2d 861, 862 (8th Cir. 1983); *see also Aspros v. United States R.R. Ret. Bd.*, 904 F.2d 384, 386 (7th Cir. 1990).

-4-

qualify under the regulations, "it plays no further role in judicial review," but if the evidence does qualify but the agency did not consider it, "the case should be remanded for further proceedings." *Id.* Evidence is new "if it is not duplicative or cumulative." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (quotation omitted). It is material "if there is a reasonable possibility that it would have changed the outcome." *Id.* (quotation and alteration omitted).

We conclude that at least one of the MRI reports satisfies the requirements of § 260.9(e). The reports were not available to the hearing officer and are not duplicative or cumulative of other evidence in the record, and thus they satisfy the first prong of the test. While the reports regarding the hips and the lumbosacral spine probably would not have changed the outcome of the proceeding,[2] the report regarding the cervical spine indicates Ms. Peacock suffers from "[d]egenerative disks at multiple levels in the cervical spine impacting the neural elements," including at least one "long-standing" degenerative disk. Admin. R. at 17-18. This report constitutes objective medical support for Ms. Peacock's claims of neck pain, and thus there is a reasonable possibility that the outcome would have been different if the Railroad Retirement Board

---

[2] The hip report showed some "mild degenerative changes" with otherwise negative results. Admin. R. at 14. The lumbosacral spine report generally concluded that degenerative disks had "no significant impact on the neural elements" and was otherwise negative. *Id*. at 16.

-5-

considered it. Finally, the reports were not in existence at the time of the hearing officer's decision, so they could not have been produced with due diligence.

Because at least one of the MRI reports satisfied the mandates of § 260.9(e), the Railroad Retirement Board should have proceeded to determine how to exercise its discretion with regard to considering one or more of the reports. Rejecting the reports for a reason not supported by § 260.9(e) was an abuse of discretion. *Chambers* counsels that the Board's failure to consider how to exercise its discretion under the terms of the rule requires a remand, and so we need not consider Ms. Peacock's other arguments on appeal.

### III.

The decision of the Railroad Retirement Board is REVERSED and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

John C. Porfilio
Circuit Judge