**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY L. MARTINEZ,

  Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

  Defendant-Appellee.

No. 09-2246
(D.C. No. 1:08-CV-00819-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Plaintiff Jerry L. Martinez appeals from the district court's judgment upholding the Commissioner's denial of his application for disability insurance benefits under the Social Security Act. He also asks us to remand this case to the agency in light of the Commissioner's decision to award him benefits based on a

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

period of disability commencing after the relevant time period in this case. For the reasons stated below, we deny the motion to remand and exercise our jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 to affirm.

## I. Background

Mr. Martinez is a 56 year-old former marine, national guardsman, army reservist, and part-time sheriff. In October 2004, he filed an application for disability insurance benefits claiming that he has been unable to work since September 10, 2004, due to back problems, diabetes, depression, and post-traumatic stress disorder (PTSD).[1] His claim was denied initially and on reconsideration, and Mr. Martinez requested a hearing before an Administrative Law Judge (ALJ), which took place on November 29, 2006.

After reviewing the evidence and hearing from Mr. Martinez and a vocational expert (VE), the ALJ found that Mr. Martinez suffered from several severe impairments, including "mood disorders." The ALJ nonetheless found that despite the mood disorder, Mr. Martinez was "capable of understanding, remembering and carrying out moderately detailed instructions and tasks in object-focused work that is relatively routine in nature." App. Vol. II at 21, 25. Based on her residual functional capacity (RFC) assessment, which included

---

[1]     Mr. Martinez's appeal focuses only on the disability determination relating to his mental impairments. He touches on his physical problems only as necessary to explain their part in the cause of his depression. Accordingly, our review is limited to the Commissioner's decision that Mr. Martinez's mental impairments are not disabling under the Social Security Act.

functional limitations not at issue here, the ALJ concluded that Mr. Martinez could perform the job of a supply clerk, which was one of his past occupations in the military. The ALJ therefore determined at step four of the controlling five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Martinez was not disabled under the Social Security Act.

A few days after the ALJ's decision–which for reasons unknown to us, was issued nearly a year after the hearing, on October 22, 2007–Mr. Martinez's attorney sent him to Dr. Robert Krueger for a psychological evaluation. As explained thoroughly in the district court's order, Dr. Krueger's findings differed substantially from those reached by the other consulting physicians who examined Mr. Martinez and reviewed his medical records.[2] Relevant here, Dr. Krueger determined, based on a clinical interview and working memory index testing, that Mr. Martinez suffered from PTSD and a "moderate impairment with concentration and working memory skills." App. Vol. II at 265. Dr. Krueger also concluded, based on Mr. Martinez's score on the Beck Depression Inventory test, that he was "experiencing serious problems with depression." *Id.* In sum, Dr. Krueger found

---

[2]     As the district court noted, although Mr. Martinez had two therapy sessions with Ms. Teresa Graber, a licensed social worker, he never sought mental health treatment from a doctor. Accordingly, as far as Mr. Martinez's claim based on mood disorders is concerned, the record lacks evidence from a "treating" physician, as that term is understood in the social security disability context. *See* 20 C.F.R. § 404.1502 (identifying treating sources by their on-going treatment relationship with the claimant).

Mr. Martinez to be significantly functionally impaired. Specifically, he noted a "mild to moderate impairment" with Mr. Martinez's ability to understand, remember, and follow simple work instructions, and further opined that Mr. Martinez would likely "have at least moderate impairment with maintaining pace and persistence in many work environments." *Id.* at 267. Mr. Martinez submitted Dr. Krueger's report to the Appeals Council in support of his request for review, as permitted under 20 C.F.R. § 404.970(b).

In a notice dated August 27, 2008, the Appeals Council denied Mr. Martinez's request for review, stating that it had considered his arguments along with the additional evidence that he submitted, including Dr. Krueger's report. *See* App. Vol. II at 7 (Notice of Appeals Council Action) & 10 (Order of Appeals Council, listing "Report of Psychological Evaluation dated 10/27/07"). Without further explanation, the Appeals Council, in boiler plate language, stated that it "found no reason under [its] rules to review the [ALJ's] decision." *Id.*

Mr. Martinez then sought review in the district court, arguing the case must be reversed and remanded in light of the Appeals Council's failure to discuss Dr. Krueger's report and its impact on the ALJ's decision. He also argued that in light of Dr. Krueger's findings, the ALJ's decision, specifically her RFC assessment, was not supported by substantial evidence considering the record as a whole. The district court rejected these arguments and upheld the ALJ's decision. Mr. Martinez then filed his appeal in this court.

## II. Discussion

Mr. Martinez's appeal includes both procedural and substantive challenges. His procedural challenges stem from the Appeals Council's cursory denial of review without any discussion of Dr. Krueger's report. Mr. Martinez contends that the Appeals Council's "lack of articulation left the district court without a guide for its review," Aplt. Op. Br. at 10, and he accuses the district court of compounding the error by improperly speculating that the report would not have affected the ALJ's decision. He also makes a number of substantive challenges to the Commissioner's ultimate decision that he was not disabled during the relevant time period–September 10, 2004, to October 22, 2007.

### A. *The Treatment of Dr. Krueger's Report*

The procedural challenges lack merit. Contrary to Mr. Martinez's argument, we do not assume the Appeals Council failed to properly consider evidence simply because it chose not to discuss the evidence in its order denying review. Our case law requires only that the Appeals Council consider properly submitted evidence that is new, material, and temporally relevant. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003); *see* 20 C.F.R. § 404.970(b). "If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings." *Threet*, 353 F.3d at 1191. But if, as happened here, the Appeals Council explicitly states that it considered the evidence, there is no error, even if the order denying review includes no further

discussion. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006) (noting that analysis of new evidence by the Appeals Council would have been helpful, but was not required); *cf. Threet*, 353 F.3d at 1191-92 (reversing and remanding where Appeals Council gave no indication that it considered qualifying new evidence). We take the Appeals Council at its word "when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Accordingly, we see no error in the Appeals Council's action here.

We also see no error in the district court's discussion of Dr. Krueger's report. Despite the fact that this evidence was not before the ALJ, the district court held that the report would not have altered the ALJ's determination of non-disability, explaining that the report was not "conclusive on the issue of a psychological disability" and failed to outweigh the other medical evidence. App. Vol. I at 59. The court went on to discuss Dr. Krueger's report in detail, emphasizing the ways in which it was contradicted by other evidence, before concluding that it "[did] not fatally undermine the sufficiency of the evidence supporting the ALJ's decision, when the record [was] viewed as a whole." *Id.* at 65.

Mr. Martinez contends that this was an improper post-hoc rationalization for the Commissioner's decision. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (prohibiting a district court from supplying such post-hoc rationalizations). We disagree. Our precedent makes clear that in evaluating the

-6-

Commissioner's denial of benefits under the substantial evidence standard, the district court must consider qualifying new evidence submitted to the Appeals Council. *See O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) (holding that "new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence"); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (same). Thus, if the ALJ's disability determination was supported by substantial evidence, the district court's very task is to determine whether the qualifying new evidence upsets that decision. The district court correctly proceeded under this framework.

*B. Was the ALJ's Decision Supported By Substantial Evidence?*

"We review the district court's decision de novo and independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). The evidence supporting the denial of benefits need not be overwhelming, but it must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *O'Dell*, 44 F.3d at 858 (internal quotation marks omitted).

Mr. Martinez asserts a host of arguments in an effort to undermine the Commissioner's decision. Most of his arguments are based on Dr. Krueger's report and are persuasive only if that report is entitled to substantial weight. He argues, for example, that Dr. Krueger's report, at a minimum, should have

convinced the Commissioner to provide benefits based on a later disability on-set date, and he also claims the report necessitated a remand so as to pose additional hypotheticals to a vocational expert. Mr. Martinez also makes arguments unconnected to Dr. Krueger's report. He claims that the ALJ improperly weighed the rest of the medical evidence and improperly disregarded the fact that he was granted "individual unemployability" by the Department of Veterans Affairs.

The district court considered each of these arguments in its thorough Memorandum Opinion and Order, filed on August 14, 2009, and ultimately concluded, based on the administrative record as a whole, that the Commissioner's decision was supported by substantial evidence. We applaud the district court for its careful attention to each of Mr. Martinez's arguments, and we affirm its decision for substantially the same reasons stated in its order.

*C. Appellant's Motion to Remand*

Finally, we conclude that the Commissioner's decision to grant Mr. Martinez's renewed application for benefits, based on a disability on-set date of August 28, 2008, provides no basis for a remand. That date is ten months after the relevant time period in this case, and the Commissioner explained in its award that although Mr. Martinez has suffered from his impairments for some time, he did not become disabled within the meaning of the Social Security Act until August 28, 2008.

### III.  Conclusion

The judgment of the district court is AFFIRMED and Mr. Martinez's

Opposed Motion to Remand is DENIED.

Entered for the Court

David M. Ebel
Circuit Judge