FILED
United States Court of Appeals
Tenth Circuit

December 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TIMOTHY W. OSBORN,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant-Appellee.

No. 09-1553
(D.C. No. 1:08-CV-01755-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Timothy W. Osborn appeals the district court's order affirming the

Commissioner's decision to terminate his Social Security disability benefits as of

June 1, 2000, due to medical improvement and to deny a new application for

benefits alleging disability as of August 8, 2002.  Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we AFFIRM.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Along with other impairments, Mr. Osborn suffers from low back pain dating back to an accident that occurred during his military service. An administrative law judge (ALJ) found that he met or equaled the requirements of then-applicable Listing 1.05. The ALJ declared him disabled and entitled to disability benefits as of January 23, 1990. Upon review in April 1995, his benefits were continued. But in another review in 2000, a state disability hearing officer found that Mr. Osborn no longer met or equaled a listing, that he had experienced medical improvement related to his ability to work, and that he had the residual functional capacity (RFC) to perform a full range of light work. Thus, by decision dated December 1, 2000, the hearing officer discontinued his benefits as of June 1, 2000.

After some intermediate proceedings, on August 7, 2002, the ALJ issued a decision that found Mr. Osborn's disability ceased as of June 1, 2000. While this decision was under review, in 2004 Mr. Osborn filed a new application for benefits, alleging disability since August 8, 2002. Eventually the 2002 ALJ decision was remanded by the district court for further proceedings.

On remand, the ALJ addressed both the termination-of-benefits decision and the new application in a decision dated December 14, 2005. Once again, he concluded that Mr. Osborn's disability terminated as of June 1, 2000. Regarding the new application, he also concluded that Mr. Osborn was not disabled between

his alleged onset date and his date last insured, September 30, 2005. On review, however, the Appeals Council remanded for further proceedings, directing that a new ALJ further consider a disability award by the Veterans Administration and other record evidence.

This extended history underlies the decision under review in this appeal: the new ALJ's March 25, 2008, determination that Mr. Osborn had medically improved and was no longer entitled to benefits as of June 1, 2000, and that he also was not disabled between August 8, 2002, and September 30, 2005. The Appeals Council denied review, making the ALJ's decision the final agency determination. The district court affirmed the Commissioner's decision. Mr. Osborn now appeals to this court.

## II.

Employing a de novo standard of review, "we independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quotation omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). "It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation omitted). "Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract

from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotation omitted).

We have identified seven arguments in Mr. Osborn's opening brief.[1]  The first two arguments allege a lack of subject-matter jurisdiction in the agency and the federal courts.  The third argument is that the district court omitted step five of the eight-step sequential evaluation process set forth under 20 C.F.R. § 404.1594(f)(1)-(8), and that as a result Mr. Osborn was denied due process. The fourth argument is that the ALJ's medical-improvement decision was not supported by substantial evidence because he did not adequately consider contemporaneous medical records and reports.  For his fifth argument, Mr. Osborn asserts that the ALJ did not explain what part of the vocational expert (VE) testimony he accepted.  The sixth argument is that the ALJ did not develop the record as to the demands of Mr. Osborn's past relevant work.  And finally, Mr. Osborn complains that the ALJ inadequately evaluated the required factors when he discounted Mr. Osborn's claims of disabling pain.

*Waived Arguments*

The government suggests that Mr. Osborn has waived the majority of his arguments because he failed to present them to the district court and/or failed to adequately brief them on appeal.  *See Chambers v. Barnhart*, 389 F.3d 1139, 1142

---

[1]    Arguments not presented in the opening brief are waived.  *See Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005).

(10th Cir. 2004) ("The scope of our review . . . is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." (quotation and alteration omitted)); *see also Wall*, 561 F.3d at 1065, 1066 (declining to consider issues that were not supported with any "developed argumentation" on appeal and that were not raised adequately before the district court (quotation omitted)). We agree that Mr. Osborn's fifth and sixth arguments are waived because he failed to present them before the district court. Further, the due-process component of his third argument and his seventh argument are waived for failure to adequately present them in his opening brief. For the reasons discussed below, however, we decline to apply waiver principles to the remaining arguments.

*Nonwaived Arguments*

The first and second arguments at least nominally invoke subject-matter jurisdiction, which cannot be waived.[2] *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1175 (10th Cir. 2005). The first argument is rooted in certain proceedings between the December 1, 2000, state hearing officer decision and the 2002 ALJ decision.

---

[2] Inexplicably, Mr. Osborn contradicts both his first and his second arguments by affirmatively stating in the jurisdictional section of his opening brief that the district court and this court have subject-matter jurisdiction.

After Mr. Osborn requested review of the December 1 decision, the ALJ issued a brief order vacating that decision on the ground that the agency had not given Mr. Osborn an adequate opportunity to attend a consultive examination. But the ALJ apparently overlooked that Mr. Osborn had been examined by Dr. Shebowich on October 27, 2000. Therefore, the December 1 decision was not based on any failure to attend an examination. In light of these circumstances, instead of issuing a new decision, the state hearing officer concluded in an informal order that the matter properly remained before the ALJ. The ALJ then proceeded to hold a hearing and to issue the 2002 decision.

Mr. Osborn argues that the ALJ's vacatur of the state agency's December 1 decision stripped subject-matter jurisdiction from all subsequent proceedings, leaving the ALJ (and the courts) unable to undertake review until after the hearing officer promulgated a new formal decision. But Mr. Osborn does not cite any authority to support his conclusion that this issue is jurisdictional with regard to the agency proceedings, and we are not convinced that it is. It is not jurisdictional with regard to the court proceedings. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (indicating that the only nonwaivable jurisdictional elements for Social Security review are "that a claim for benefits shall have been presented to the [Commissioner]" and "some decision by the [Commissioner]").

The second argument is that the district court's vacatur of the 2002 ALJ decision stripped subject-matter jurisdiction from all subsequent proceedings.

Because of the vacatur, Mr. Osborn submits, "there was, and is now no order in effect, and the last ALJ Decision, as well as the District Courts' Decision affirming same are illegal, and in violation [of] law and they must be vacated as a matter of law based on lack of subject matter jurisdiction." Aplt. Opening Br. at 11. After the district court's vacatur, however, the agency duly promulgated new decisions, and Mr. Osborn duly availed himself of his opportunities to have those decisions reviewed. There is no lack of subject-matter jurisdiction. *See Mathews*, 424 U.S. at 329 ("[Section] 405(g) requires only that there be a 'final decision' by the [Commissioner] with respect to the claim of entitlement to benefits.").

The sequential-evaluation portion of the third argument could not have been raised earlier because it challenges the structure of the court's analysis (by arguing that the district court improperly omitted step five of the appropriate eight-factor test). But this issue is easily resolved. Any error in omitting step five is immaterial, first because it appears that the omitted step does not apply in the circumstances of this case, and second because "we independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence," *Wall*, 561 F.3d at 1052 (quotation omitted).

The only remaining issue is Mr. Osborn's fourth argument, in which he contends that the ALJ's finding of medical improvement is not supported by substantial evidence because the ALJ did not adequately consider contemporaneous opinions and medical records (specifically, the reports and

opinions of Dr. Barklow, Dr. Miller, and Dr. Shebowich and the results of a July 2000 MRI). This argument concerns only the termination-of-benefits decision, not the denial of the new application covering the period from August 8, 2002, to September 30, 2005.

With regard to termination-of-benefits issues, the 2008 decision adopted, in large part, the factual findings and legal conclusions of the 2005 decision. The 2005 decision discussed the opinions of Dr. Miller and Dr. Shebowich and also acknowledged Mr. Osborn's complaints to Dr. Barklow. The ALJ specifically noted that the July 2000 MRI results showed some increase in the size of the L5-S1 disc protrusion and that Dr. Miller documented exacerbation of problems and setbacks. But the ALJ also identified positive medical findings and ultimately concluded that the records showed improvement over time. Covering some of the same ground, the 2008 decision reiterated that the medical records supported a finding of medical improvement and gave great weight to the testimony of the impartial medical expert.

There is substantial evidence to support the ALJ's decision that Mr. Osborn medically improved. "Medical improvement is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). As the ALJ noted, "in 1995, the claimant had trace to absent deep tendon reflexes, decreased sensation,

unsteady tandem gait, decreased range of motion of the cervical spine, decreased grip strength and diminished calf musculature." Aplt. App. at 91. In contrast, Dr. Shebowich's October 2000 examination showed

> a full range of motion [of his neck] without discomfort . . . tenderness at the L5-S1 junction in the midline[, but] no significant tenderness elsewhere in the midline, no paraspinal muscle tenderness, and no muscle spasm. . . . no SI joint tenderness . . . [no] pain with rotation of his trunk. Straight leg raising was negative in the supine and the sitting position. . . . a full range of motion in his shoulders, elbows, wrists and hands without evidence of arthritis or any discomfort . . . a full range of motion in his hips . . . full flexion and extension of both knees . . . no pain through a full range of motion [of his lower extremities].

Admin. R., Vol. I at 334. Further, the impartial medical expert testified that Mr. Osborn had experienced medical improvement, and his testimony rebutted Dr. Miller's opinion.

While there also is evidence in the record supporting Mr. Osborn's position, this is not a case in which the record evidence overwhelmingly contradicts the ALJ's opinion or in which the ALJ neglected to discuss material evidence that favors the claimant. Instead, Mr. Osborn essentially asks this court to reweigh the evidence. That we cannot do. *See Wall*, 561 F.3d at 1069 (where substantial evidence supports the decision, "we may not reweigh the evidence or try the issues de novo in order to advance a different view" (quotation omitted)); *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007) ("Although the evidence may also have supported contrary findings, we may not displace the

-9-

agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotation and alteration omitted)).

III.

Mr. Osborn's Motion for Remand is DENIED.  The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge