FILED
United States Court of Appeals
Tenth Circuit

September 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NICHOLAS AMRINE,

          Petitioner – Appellant,

v.

JUSTIN JONES, Director; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

          Respondents – Appellees.

No. 12-5105
(D.C. No. 4:11-CV-00498-JHP-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Nicholas Amrine, an Oklahoma state prisoner, proceeding pro se, wants to appeal

from the dismissal of his 28 U.S.C. § 2254 habeas petition. The district court dismissed

his petition because: 1) it was barred by the AEDPA's one year statute of limitations; 2)

Amrine had not identified a state-imposed impediment which might have excused his

delay in filing; and 3) he had not demonstrated entitlement to equitable tolling. We deny

his request for a Certificate of Appealability (COA).

Amrine's brief to this court argues the merits of his petition but does not address

the fundamental problem leading to the dismissal: the statute of limitations. We consider

only contentions that have been adequately developed.  *See Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of our review . . . is limited to the issues the claimant . . . adequately presents on appeal." (citation, internal quotation marks, and alteration omitted)).  Because the statute of limitations bars Amrine's habeas petition, we cannot consider the merits of his claims.

We DENY the request for a COA and DISMISS this matter.

Inexplicably, the district court granted leave to proceed on appeal without prepayment of fees.  While prepayment of fees has been excused, Amrine is, nevertheless, ultimately responsible for all filing and docketing fees and must pay them to the Clerk of the District Court.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (recognizing dismissal of an appeal does not relieve appellant of the obligation to pay the filing and docket fees in full).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge