**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARRIE A. WHATLEY,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[*]

      Defendant-Appellee.

No. 12-1389
(D.C. No. 1:11-CV-01357-WJM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Carrie A. Whatley appeals a district court order affirming the Commissioner's

denial of disability insurance benefits. The Commissioner denied benefits after an

administrative law judge ("ALJ") concluded at step four of the five-step sequential

---

[*]    In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evaluation process, *see* 20 C.F.R. § 404.1520(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process), that Ms. Whatley was not disabled.  The ALJ determined that despite her severe impairments, Ms. Whatley retained the residual functional capacity ("RFC") to perform her past relevant work as a personnel clerk, court clerk, and production coordinator.[1]  The Appeals Council denied review, and the district court affirmed the ALJ's decision.

In affirming the ALJ's denial of benefits, the district court rejected three specific arguments raised by Ms. Whatley.  She first argued that the ALJ failed to consider whether she satisfied listing 4.05, relating to recurrent arrhythmias, but the district court concluded this listing was inapplicable because there was no evidence that she might meet or equal its criteria.  On appeal, Ms. Whatley has waived this claim by failing to address it in her opening brief.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("We routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Ms. Whatley also argued to the district court that the ALJ failed to include all her impairments in the hypothetical questions posed to a vocational expert ("VE").  The district court rejected this argument, ruling that the questions reflected all the restrictions borne out by the record.  Ms. Whatley has similarly waived this claim on

---

[1]     The ALJ determined that Ms. Whatley was severely impaired by reflex sympathetic dystrophy ("RSD") of the lower left extremity, obesity, abdominal pain, and syncope.  Admin. R. at 65.  "Syncope" is a loss of consciousness or a faint, while a "near syncope" is a period of altered consciousness.  *See* 20 C.F.R. Pt. 404, subpt. P, App. 1 § 4.00(F)(3)(b).

appeal because she now pursues a different theory.  *See id.*; *see also Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011) (holding that legal theories advanced for the first time on appeal are waived or forfeited).

At step-four of the sequential evaluation process, an ALJ must engage in a three-phase analysis.  *See Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Ms. Whatley newly contends that the ALJ erred at each of these three phases, but her failure to advance that theory in the district court failed to preserve the argument on appeal.  *See Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of our review . . . is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." (alteration and internal quotation marks omitted)).  Ms. Whatley's claim never mentioned the three phases of step four, nor did she challenge, as she does now, the ALJ's RFC assessment, the ALJ's reliance on the VE's testimony, or the ALJ's finding that she could meet the demands of her past work.  We decline to consider these arguments in the first instance.  *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

Likewise, Ms. Whatley has abandoned her challenge to the hypothetical questions, which she now only briefly mentions within the context of her new theory that the ALJ incorrectly assessed her RFC.  *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those . . . contentions that have been adequately briefed for our review.").

- 3 -

This leaves Ms. Whatley's third and last claim. She argued that the ALJ failed to consider Social Security Ruling 03-2p, 2003 WL 22399117 (Oct. 20, 2003) ("SSR 03-2p"), which governs disability applications submitted by RSD claimants like Ms. Whatley, who typically have conflicting evidence in their medical records. *See id.* at *5. When the evidence is inadequate to determine whether a claimant is disabled, SSR 03-2p instructs ALJs to first get clarification from a claimant's treating sources, and, as with any other treating source opinion, accord it controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Id.* (citing SSR 96-2p, 1996 WL 374188 (July 2, 1996)). On appeal, Ms. Whatley faults the ALJ for failing to consider SSR 03-2p and for failing to give controlling weight to her treating doctor's opinion that she was disabled. The district court rejected these arguments, and so do we.

Our review of the ALJ's decision is limited to ensuring that his factual findings are supported by substantial evidence and that the correct legal standards were applied. *Keyes-Zachary*, 695 F.3d at 1161. Ms. Whatley offers no support for her argument that the ALJ failed to consider SSR 03-2p. Instead, she simply asserts that the ALJ ignored the ruling and relied on an opinion of a consultative examiner rather than her doctor's opinion that she was disabled. This argument is unavailing.

Ms. Whatley's doctor, Rick Hathaway, gave internally inconsistent opinions from August 2007 through January 2008. The ALJ provided a detailed recitation of

these varying opinions, discounted those that were inconsistent with the evidence, and gave significant weight to a January 2008 assessment because it comported with the evidence and the doctor's own findings. Every indication is that the ALJ properly evaluated Dr. Hathaway's opinion, consistent with SSR 03-2p. In any event, Ms. Whatley's reliance on the ruling is misplaced because the record does not suggest there was insufficient evidence to determine whether or not she was disabled. To the contrary, the district court correctly observed that the medical record exceeds one thousand pages. And to the extent that Ms. Whatley asserts the ALJ should have deferred to Dr. Hathaway's opinion that she was disabled, Dr. Hathaway's belief on that issue is not dispositive because it is a legal conclusion reserved to the Commissioner. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994).

For these reasons, the district court's judgment is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge