FILED
United States Court of Appeals
Tenth Circuit

May 13, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC BERENSEN,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 18-4105
(D.C. No. 2:17-CV-00081-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

This appeal grows out of the Social Security Administration's denial of disability insurance benefits and Supplemental Security Income benefits. The administrative law judge found no disability, and Mr. Eric Berensen sought review by the Appeals Council, presenting additional medical records in support. The Appeals Council declined

---

[*]    The parties do not request oral argument, and it would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

review, and Mr. Berensen appealed in federal district court, again presenting new medical records and requesting (in the alternative) a remand to the agency. There he argued that

- the administrative law judge had lacked substantial evidence for some of her findings and

- the Appeals Council and district court had failed to properly consider the new medical records.

We reject these arguments and affirm.

**1.      The administrative law judge assesses Mr. Berensen's residual functional capacity.**

The administrative process includes an assessment of the claimant's "residual functional capacity," which refers to what the claimant can do with his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining the residual functional capacity, the administrative law judge considers all of the claimant's impairments, including those that are and aren't severe, and determines whether the claimant can perform either past relevant work or other jobs in the national economy. 20 C.F.R. §§ 404.1545(a), 416.945(a).

Through this process, the administrative law judge found in February 2016 that Mr. Berensen could perform light work subject to restrictions on (1) various activities, including balancing, stooping, crouching, kneeling, crawling, climbing, reaching, handling, fingering, feeling, and pedaling, (2) exposure to noise, heat, cold, concentrated airborne irritants, extreme

vibrations, and hazards, and (3) work pace. Given the ability to perform light work with these restrictions, the administrative law judge found that Mr. Berensen was not disabled because he could perform a significant number of jobs existing in the national economy.

Mr. Berensen sought review by the Appeals Council and submitted more medical evidence. But the Appeals Council declined to consider the new evidence or to review the administrative law judge's decision.

Mr. Berensen then appealed to the federal district court and requested a remand, in the alternative, based on additional medical records. The district court affirmed and denied Mr. Berensen's request for a remand.

## 2. The assessment of residual functional capacity is supported by substantial evidence.

The threshold issue involves the administrative law judge's findings as to residual functional capacity. Mr. Berensen challenges these findings, arguing that the administrative law judge failed to consider non-severe impairments and misevaluated the vocational testimony. We reject both challenges.

In evaluating these challenges, we consider whether the administrative law judge applied correct legal standards and had substantial evidence to support the findings as to residual functional capacity. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). In

3

determining whether substantial evidence existed, we cannot reweigh the evidence or substitute our judgment for the administrative law judge's. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). We conclude that the administrative law judge had substantial evidence for her findings.

We first reject Mr. Berensen's argument that the administrative law judge failed to consider non-severe impairments. The judge said that she had considered all of the non-severe impairments, and we have no reason to question her statement. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (stating that we generally take the Social Security Administration at its word when it states that it has considered a particular matter). Indeed, the administrative law judge appeared to rely on non-severe impairments when imposing postural and exertional restrictions on Mr. Berensen's residual functional capacity.

We also conclude that the administrative law judge did not overlook the vocational testimony. Mr. Berensen points out that the judge asked the vocational expert a series of hypothetical questions on the availability of jobs based on a variety of possible limitations. But the vocational expert's expertise involves vocational opportunities, not a claimant's residual functional capacity. The administrative law judge ultimately assessed the residual functional capacity and matched that capacity to the vocational expert's testimony on the available jobs that Mr. Berensen could perform. Mr. Berensen does not identify any mismatch between the findings on

residual functional capacity and the vocational expert's testimony. We thus have no reason to disturb the administrative law judge's consideration of the vocational testimony.

**3.      The Appeals Council and district court did not err in declining to consider the additional medical records.**

Mr. Berensen submitted additional records to both the Appeals Council and the district court. For the Appeals Council, Mr. Berensen had to show that the records were new, material, and related to the period preceding the administrative law judge's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). And for the district court, Mr. Berensen had to show (1) that the records were new and material and (2) that good cause existed for the failure to present the records in the administrative proceedings. *Wilson v. Astrue*, 602 F.3d 1136, 1148-49 (10th Cir. 2010).

The Appeals Council declined to consider the additional records. Some of them involved treatment from 1991 to 2013. Other records pertained to treatment and laboratory findings beginning roughly a month after the administrative law judge's decision. For the records from 1991 to 2013, the Appeals Council stated that the new records did not provide a basis to disturb the administrative law judge's decision. For the records post-dating the administrative law judge's decision, the Appeals Council

5

stated that the records did not pertain to Mr. Berensen's condition during the relevant time-period.

We conduct de novo review over these reasons for declining to consider the new medical evidence. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). Applying de novo review, we conclude that the Appeals Council did not err. Mr. Berensen has not identified any additional functional limitations shown in the 1991-2013 medical records. And the records post-dating the administrative law judge's decision do not address what Mr. Berensen's condition had been prior to that decision. Indeed, even for these records, Mr. Berensen has not identified any functional limitations overlooked by the administrative law judge.

Mr. Berensen also submitted more medical evidence to the district court, seeking a remand to the agency. The district court declined to order a remand, and we review that decision for an abuse of discretion. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). In applying the abuse-of-discretion standard, we consider whether the district court's determination fell within the realm of rational choices. *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

In our view, the district court acted within its discretion in determining that the new records were immaterial. Here too Mr. Berensen has not identified any diagnoses or opinions involving (1) his condition prior to the administrative law judge's decision or (2) functional

limitations overlooked by the administrative law judge. Mr. Berensen also failed to explain why he could not have presented the medical evidence to the Appeals Council. As a result, the district court acted within its discretion in determining that Mr. Berensen had failed to show good cause for failing to submit the evidence to the Appeals Council.

## 4.  Conclusion

We conclude that Mr. Berensen has not shown any errors in the administrative law judge's assessment of residual functional capacity, in the Appeals Council's refusal to consider the new medical evidence, or in the district court's refusal to remand the matter based on new medical evidence. We thus affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge